(No. 34532.—

GEORGE F. BERLEMANN, Appellant, *vs.* SUPERIOR DIS-
TRIBUTING COMPANY, Appellee.

*Opinion filed November 20, 1957.*

HOUSE, J., took no part.

ELDON M. DURR, of Edwardsville, for appellant.

BURROUGHS, SIMPSON & BURROUGHS, of Edwardsville, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant in this action for breach of warranty is a Colorado corporation. It was served with summons in Colorado under sections 16 and 17 of the Civil Practice Act as amended in 1955. (Ill. Rev. Stat. 1955, chap. 110, pars. 16, 17.) Its motion to quash the service of summons was allowed, and the plaintiff has appealed directly to this court.

The complaint alleges certain conduct of the defendant in Illinois, and the plaintiff contends that this conduct amounted to the transaction of business within this State and that personal service of process outside of Illinois is therefore authorized by section 17. The defendant disputes this contention. It is unnecessary to state in detail the acts

performed by the defendant in Illinois, because we are of the opinion that this court lacks jurisdiction of the case on direct appeal.

As the plaintiff points out, the defendant has not questioned the constitutionality of the statute. (Cf. *Nelson* v. *Miller*, 11 Ill.2d 378.) In their briefs in this court both parties agree that the present issue is whether the defendant has submitted itself to the jurisdiction of Illinois by the transaction of business here within the meaning of the statute.

The issue thus presented involves the construction and application of the statute. It does not directly involve the validity of the statute or a construction of the constitution. Under these circumstances this court does not have jurisdiction upon a direct appeal, (Ill. Rev. Stat. 1955, chap. 110, par. 75,) and the cause must be transferred to the Appellate Court for the Fourth District. *Cause transferred.*

Mr. JUSTICE HOUSE took no part in the consideration of this appeal.